**MID AMERICA MEDIA, INC., WTRX–AM, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–1357.

United States Court of Appeals, Sixth Circuit.

Oct. 20, 1981.

Válerie J. Hoffman, Seyfarth, Shaw, Fairweather & Geraldson, Jeffrey K. Ross, Chicago, Ill., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Bernard Gottfried, Director Region 7, N.L.R.B., Detroit, Mich., Joseph A. Oertel, Washington, D. C., for respondent.

Before LIVELY and ENGEL, Circuit Judges; and WHITE,* District Judge.

## ORDER

Mid America Media, Inc., WTRX–AM, petitions this court to review and set aside a decision and order of the National Labor Relations Board reported at 248 NLRB No. 165. The Board found that the petitioner violated Section 8(a)(5) of the Act by unlawfully refusing to bargain with the certified representative of its employees. The Board has filed a cross-application for enforcement of its order.

At oral argument counsel for the petitioner stated that the real issue in the case is whether the NLRB will be required to follow its own rule that a regional director must hold a hearing on election objections when these objections disclose substantial issues of material fact concerning the validity of a representation election. The rule of the NLRB reflects the standard of this Circuit that a hearing is required only when substantial and material factual issues are raised. *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172 (6th Cir.), *cert. denied*, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967).

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, the court concludes that the objections in the present case did not raise substantial and material factual issues about the validity of the representation election and that a hearing was not required. This being so, the order of the Board should be enforced.

* The Honorable George W. White, Judge, U. S. District Court for the Northern District of Ohio, sitting by designation.

The petition to review is denied, and the cross-application for enforcement is granted.